IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD E. ROBERSON,
#R60232,

        Plaintiff,

v.

FRANK E. LAWRENCE, and
JACUELINE LASHBROOK,

        Defendants.

Case No. 20-cv-01146-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Edward Roberson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Roberson claims that he was not provided access to the law library, law clerks, or materials during the time he was litigating other civil claims in federal court, resulting in the dismissal of his cases. He requests monetary damages and declaratory relief.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Roberson alleges the following: He arrived at Menard Correctional Center on September 29, 2018. (Doc. 13, p. 1). At the time of his arrival, he was litigating three civil cases in the United

States District Court for the Central District of Illinois regarding excessive force by staff which occurred while he was housed at Rock Island County Jail. (*Id.*) *See also Roberson v. Prine,* No. 17-cv-04266-JES (C.D. Ill. Sept. 27, 2017); *Roberson v. Prine*, No. 17-cv-04177-JBM (C.D. Ill. July 14, 2017); *Roberson v. Brown,* No. 18-cv-04029-CSB-EIL (C.D. Ill. Feb. 14, 2018).

On September 21, 2018, a motion for summary judgment was filed by Defendants in cases 17-cv-04266-JES and 17-cv-04177-JBM, which had been consolidated. (Doc. 1, p. 2). Roberson had a response deadline of December 26, 2018. Menard was on a Level 1 lockdown at the time, and so, Roberson filed multiple requests to Defendants Frank Lawrence and Jacueline Lashbrook asking for legal assistance, including access to the law library, help from law clerks, and reading materials. He informed Defendants of his court deadline and that he had limited legal knowledge, but he did not receive a response or any kind of assistance. Roberson was forced to respond to the motion without any assistance, and the cases were dismissed.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Count:

> **Count 1:** First amendment access to courts claim against Frank Lawrence and Jacueline Lashbrook for denying Roberson access to the law library, legal materials, and law clerks.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Roberson has sufficiently pleaded that denial of access to the law library, legal documents, and legal assistance "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *See also Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). Count 1 will proceed

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

against Defendants Lawrence and Lashbrook.

## MOTION FOR RECRUITMENT OF COUNSEL

Roberson has filed a motion requesting the Court to recruit counsel on his behalf. (Doc. 4). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Roberson claims that in an effort to obtain counsel he has written letters to attorneys. Some of the letters have come back to him with a return to sender message and some attorneys responded and declined representation because of a full case load. This explanation, without any supporting documentation, is not sufficient for the Court to make a determination that he has made a reasonable attempt to find counsel prior to seeking assistance from the Court. Thus, the motion is denied. Should Roberson choose to move for recruitment of counsel at a later date, the Court directs him to: (1) include in the motion the names and address of at least three attorneys he has contacted; and (2) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Lawrence and Lashbrook.

The Motion for Recruitment of Counsel (Doc. 4) is **DENIED without prejudice.**

The Clerk of Court shall prepare for Lawrence and Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Roberson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Roberson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Roberson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Finally, Roberson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 15, 2021**

 *s/Stephen P. McGlynn*  
**STEPHEN P. MCGLYNN**  
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Roberson is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Roberson need not submit any evidence to the Court at this time, unless otherwise directed by the Court.